### 11468

#### PHILLIPS *ET AL.* v. BRUTON

##### (112 S. E., 514)

1. APPEAL AND ERROR—APPEAL HELD NOT TO STAY SUPPLEMENTARY PROCEEDINGS, BOND IN DOUBLE AMOUNT OF JUDGMENT HAVING BEEN FILED.—Where defendant appealed from a money judgment against him, and no stay of execution was granted by presiding Judge, and plaintiffs, under Code Civ. Proc. 1922, § 647, filed their bond in double the amount of judgment, the appeal did not stay supplementary proceedings, in view of Section 613.

2. EXECUTION—AFFIDAVIT IN SUPPLEMENTARY PROCEEDINGS NEED NOT SHOW UNSATISFIED EXECUTION.—Code Civ. Proc. 1922, § 613, does not require the affidavit accompanying an application for examination in supplementary proceedings to show an unsatisfied execution against debtor's property.

3. EXECUTION—SUFFICIENCY OF SHOWING IN SUPPLEMENTARY PROCEEDINGS HELD WITHIN TRIAL JUDGE'S DISCRETION.—Under Code Civ. Proc. 1922, § 613, an affidavit alleging on information and belief that judgment debtor had property which he unjustly refused to apply toward satisfaction of a judgment, *held* to authorize granting an application for examination in supplementary proceedings.

Before TOWNSEND, J., Richland, July, 1922. Affirmed.

Action by Clarence C. Phillips and another, partners, doing business under the firm name of Clarence C. Phillips & Brother, against J. C. Bruton. Judgment for plaintiffs and from an order denying a motion to revoke an order for examination of defendant in supplementary proceedings, defedant appeals.

*Messrs. Moorman & Moorman* and *Lyles & Lyles* for appellant.

*Messrs. Capers G. Barr* and *D. W. Robinson,* for respondent, cite: *Real estate broker's right to compensation:* 112 S. E., 39; 80 S. C., 346; 94 S. C., 409. *Agency:* 115 S. C., 58. *Communication of revocation:* 31 Cyc., 1304; 19 Mo. App., 470; 37 Mo. App., 125; 61 So., 68; 117 Mich.,

56; 51 N. Y., 124. *Modification by principal affecting broker's commissions:* 152 Mo. App., 483; 168 Ind., 29; 142 Mo. App., 228; 100 Tex., 615; 59 Ill. App., 181; 37 Kan., 20; 87 Ill. App., 275; 41 Mo. App., 509; 9 N. Y. Supp., 534; 8 N. Y. Supp., 472; 61 W. Va., 9; 89 Ark., 175; 198 Mass., 128; 15 B. C., 326. *"Timber":* Am. Enc. Dict.; 25 Cyc., 1545. *New trial:* Code 1922, Sec. 522; 12 S. C., 45; 57 S. C., 395; 66 S. C., 302. *Deeds:* 17 Cyc., 616; 1 Rich., 135; 3 Strob., 127; 1 McCord, 209. *Oral testimony regarding written contracts:* 1 Greenl. on Evidence, Sec. 275; 39 S. C., 281; 105 S. C., 107; 10 Wall., 367.

April 15, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiffs recovered a money judgment against the defendant. The defendant appealed to this Court. The plaintiffs thereupon filed their bond in double the amount of the judgment under the provisions of Section 647, Code of Civil Procedure 1922, and, after procuring execution to issue and to be placed in the hands of the Sheriff of Richland County, procured an order from his Honor, Judge DeVore, for examination of the defendant in supplementary proceedings, under the provisions of Section 613, Code of Civil Procedure 1922. There was no appeal from that order, but afterwards the defendant made a motion for an order revoking same. This motion was denied, and the defendant appealed to this Court.

Appellant's first contention is that the appeal from the judgment entered in the original case operated to stay supplementary proceedings until the final determination of the cause on appeal. The contention is untenable under the plain provisions of Section 647, read in connection with Section 613 of Code of Civil Procedure 1922. The judgment recovered was a money judgment, and no stay of execution was "granted by the presiding Judge before whom the judgment was obtained."

The second contention is that Judge DeVore's original order of December 7, was, as a matter of law, based upon an insufficient showing, (a) in that the affidavit accompanying the application does not show that the execution issued in the original cause was returned by the Sheriff "unsatisfied, in whole or in part," and (b) in that the affidavit does not state as a fact that the appellant had property which he unjustly refused to apply to the satisfaction of the judgment. Section 613 does not require that the fact that an execution against the property of a judgment debtor is returned unsatisfied should be made to appear by affidavit. If the return of the execution unsatisfied be a prerequisite to the order of the Judge, the fact could be made to appear from the judgment roll and from an inspection of the execution with the Sheriff's return thereon indorsed. There is nothing in the record to indicate that the execution was not returned unsatisfied. But the movant in the case at bar seems to have made application for the order under the following provision of the statute, Section 613 :

"After the issuing of an execution against property, and upon proof by affidavit of a party, or otherwise, to the satisfaction of the Court, or a Judge thereof, that any judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment, such Court or Judge may, by an order, require the judgment debtor to appear at a specified time and place to answer concerning the same," etc.

The affidavit alleged, on information and belief, that the judgment debtor had property which he unjustly refused to apply toward the satisfaction of the judgment. Under the express terms of the statute it is only required that the judgment creditor make proof "to the satisfaction of the Court or a Judge thereof." The sufficiency of the showing made must be determined by the Circuit Judge in the exercise of a sound discretion. We

cannot say that the Circuit Judge was guilty of an abuse of discretion, and the contention must be overruled.

The third contention is that the Circuit Judge erred in not holding that "the plaintiffs, having issued execution which had been levied by the Sheriff of Richland County upon certain property of the defendant, and that plaintiffs, having given bond as provided by Section 647, * * * it could not be alleged that the defendant unjustly refused to apply anything to the satisfaction of the judgment." The record does not disclose that property of the defendant had been levied upon by the Sheriff of Richland County under execution in this case. The exception is without merit and must be overruled.

The order appealed from is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.